# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| Jamal Antwon Knowles,<br>　　　Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 1:24cv1290 (RDA/WBP) |
| | ) | |
| Commonwealth of Virginia,<br>　　　Respondent. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Virginia inmate Jamal Antwon Knowles' ("Petitioner" or "Knowles") *pro se* "Motion for Reconsideration/Vacate; Void Judgement," Dkt. No. 36, he filed on February 27, 2026. Which he amended on March 9, 2026. Dkt. No. 37. The motions will be referred to herein as "Motion," and are construed as a motion filed pursuant to Federal Rule of Civil Procedure Rule 60(b)(4), which provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment . . . [if] the judgment is void."[1] *FTC v. Ross*, 74 F.4th 186, 191 (4th Cir. 2023). *See* Dkt. Nos. 36 at 1; 37 at 1.

Knowles' Motion argues that his conviction is void; he is actually innocent, he was denied access to the Court's during COVID and had inadequate access to legal materials and a law library; and he was transferred, Dkt. Nos 36 at 1-8; Dkt. No. 37—those are all points that the Court considered in its July 28, 2025, Memorandum Opinion, which found each of the ineffective assistance claims, although defaulted, had no merit. Dkt. No. 26.[2] The Court found that the alleged

---

[1] Knowles filed an amended motion, Dkt. No. 37 is largely repetitive of his first motion, Dkt. No. 36.

[2] Knowles alleged in his original petition that he had not received his trial transcripts from his attorney and had not had access to a law library to research or while preparing his state habeas as his excuse for not exhausting his claims. Dkt. No. 1 at 5, 6, 11, 13. His assertion of innocence is primarily in his response to the motion to dismiss in which he argues several points that he states were "contrary to [his] guilt." Dkt. No. 25; *id.* at 5.

ineffective assistance claims were not "substantial" under the narrow exception established by *Martinez v. Ryan*, 566 U.S. 1 (2012), *id.* at 12-24; with respect to Claims 1, 2, and 3 and the Court also found that Knowles has failed to establish a claim of ineffective assistance of counsel under either prong of *Strickland v. Washington*, 466 U.S. 668 (1984), *id.* at 14, 23, 24; that Claim 4 (void conviction), that he had failed to raise a cognizable federal claim, *id.* at 25; and that the state court "decision affirming the sufficiency of the evidence was not contrary to, or an unreasonable application of, a clearly established Supreme Court decision, or (2) based on an unreasonable determination of facts 'in light of the record before the state court,'" *id.* at 26-29; and that to extent Knowles argued that he is actually innocent, such a claim had "no merit." *Id.* at 29.[3]

To the extent Knowles' Motion is a Rule 60(b) motion, reargues points raised and considered in the July 28, 2025, Memorandum Opinion, his convictions are not void, and his Rule 60(b) motion will be denied.[4]

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in

---

[3] The July 28, 2025, Memorandum Opinion found that "the factual and legal basis for Knowles' federal habeas Claims 1 through 4 were available to him during either his direct appeal and/or his state habeas proceeding," and therefore Knowles could not show cause to excuse his defaults. *Id.* at 13. As discussed above, the July 28, 2025, Memorandum Opinion found none of Knowles claims had merit, which also precluded any possible showing of prejudice. *See Bixby v. Stirling*, 90 F.4th 140, 149 (4th Cir. 2023) (where the district court's judgment denying the initial § 2254 petition resolved each of the petitioner's "claims on the merits . . . it [is] all the more likely that any Rule 60(b) motion seeking to revisit that judgment would be in tension with AEDPA's limits on second or successive habeas petitions." (citing *Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005) (observing that "[i]f neither the motion *itself nor the federal judgment from which it seeks relief* substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules" (emphasis added)); *United States v. Wright*, 276 F. App'x 346, 346 (4th Cir. 2008) (because the petitioner's "motion did not assert a defect in the collateral review process itself, but rather reargued the merits of his [habeas petition] based on new case law, the motion should have been characterized as a successive" habeas petition) (citing *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003)).

[4] Further, if this Motion is deemed to be a successive petition, the power to determine whether a claim satisfies the requirements of 28 U.S.C. § 2244 does not lie with the district court, it "must be made by a court of appeals." *In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004). Where a court of appeals has not authorized a second or subsequent petition, "the district court lacks jurisdiction" over a successive petition. *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000). Without an appropriate order from the United States Court of Appeals for the Fourth Circuit this Court has no jurisdiction to consider a successive petition, and it would be dismissed without prejudice.

2

the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207.

Accordingly, it is hereby

**ORDERED** that Petitioner's Rule 60(b) Motion is **DENIED**, Dkt. Nos. 36 and 37.

To appeal this decision, petitioner must file a written Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written NOA is a short statement indicating a desire to appeal and including the date of the Order the petitioner wishes to appeal. Failure to file a timely NOA waives the right to appeal this decision. Petitioner also must obtain a certificate of appealability from a circuit justice or judge. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). The Court expressly declines to issue a certificate for the reasons stated above.

The Clerk is directed to send a copy of this Order to Petitioner and to close this civil action.

Entered this ____3____ day of _____June_____ 2026.

Alexandria, Virginia

_____/s/_____
Rossie D. Alston, Jr.
United States District Judge

3